UNITED STATES, PLAINTIFF *v.* AMERICAN MOTORISTS INSURANCE CO., DEFENDANT AND THIRD PARTY PLAINTIFF *v.* THE BUCKEYE FIREWORKS MFG. CO., INC., ET AL., THIRD PARTY DEFENDANTS

Court No. 84-06-00860

Before DiCARLO, *Judge.*

(Decided January 10, 1986)

*Richard K. Willard,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Department of Justice (*Judith M. Barzilay*), for the plaintiff.

*Russotti & Barrison* (*Harvey Barrison*), for the defendant.

### Memorandum Opinion and Order

DiCARLO, *Judge:* This is an action pursuant to 28 U.S.C. § 1582(2) (1982) to collect customs duties from a surety on its bonds. Before the Court are defendant's motion for summary judgment dismissing the action, its alternative motion for summary judgment in its favor against the third party defendants, and plaintiff's cross-motion for summary judgment pursuant to Rule 56 of the Rules of this Court.

There is no dispute as to the relevant facts. On June 4, 1979, two consumption entry bonds were executed by Buckeye Fireworks and Novelty, Co., Inc. (importer) as principal, and by defendant as surety.

On June 14, 1979 and June 20, 1979, merchandise covered by the bonds entered the United States at the Port of Baltimore, Maryland. The United States Customs Service (Customs) received from the importer two checks in the amounts of $5,345.76 and $4,571.52 representing estimated duties on the entries. Customs deposited the checks on July 11, 1979 and July 16, 1979, and liquidated the entries without change on July 13, 1979 and July 19, 1979.

The checks were dishonored by the drawee bank on July 18, 1979 and July 24, 1979. On November 24, 1980, Customs notified defendant that the importer had not paid duties on the entries covered by the bonds. Customs was unsuccessful in collecting the amounts due from either the importer or the surety, and on June 21, 1984, an action was commenced against the surety to recover duties in the amount of $9,917.28 plus interest.

Defendant raises four affirmative defenses in its answer, first, that plaintiff fails to state a claim upon which relief can be granted. The

Court disagrees, and finds the complaint sufficient as it alleges defendant to be a surety on bonds covering entries on which duties have not been paid in accordance with Rule 8 of the Rules of this Court.

Defendant's third affirmative defense is that plaintiff has failed to join an necessary parties the importer, one of its officers, and as affiliated company. This defense lacks merit since defendant would be jointly and severally liable under the terms of its bonds with respect to any duties which may be owed.

Defendants fourth affirmative defense is that Customs is barred from obtaining a judgment in this case on account of alleged violations of section 112 and 113 of the Accounting and Auditing Act of 1950, as amended, 31 U.S.C. § 3512 (1982). Defendant does not discuss the relevance of those provisions, which establish standards for systems of accounting and internal controls in executive agencies, and the Court holds that those provisions have no application to the facts and circumstances of this case.

Defendant's second affirmative defense sets forth the theory upon which it bases its motion for summary judgment. Defendant contends that (1) plaintiff liquidated the entries "no change;" (2) liquidation is the final computation or ascertainment of the duties accruing on an entry; (3) the entries were never reliquidated by plaintiffs; and (4) plaintiff is therefore barred from alleging non-payment as a matter of law.

Defendant's theory, as augmented by defendant's brief, apparently is based upon the belief that when Customs has liquidated entries "no change" and the importer's checks for estimated duties are subsequently dishonored, the importer and the surety whose bonds cover the entries are released from and obligation to pay duties. Defendant concludes its theory with the proposition that "[i]n the absence of a reliquidation, the liquidation released the surety from any further obligation for duties."[1]

Defendant fails to appreciate the purpose of the liquidation and reliquidation procedures. Liquidation is "the final computation or ascertainment of the duties or drawback accruing on an entry." 19 C.F.R. § 159.1 (1985). By liquidating the entries "no change" Customs determined that duties on the entries had been estimated correctly.

Defendant offers no authority for the proposition that an importer and its surety are released from paying outstanding duties when Customs has liquidated the entries without change. It is clear, however, that an importer and its surety are liable for the payment of duties when checks tendered to Customs are subsequently dishonored.

---

[1] Brief of American Motorists Insurance Company, Defendant and Third Party Plaintiff in Support of its Motion for Summary Judgment, at 5.

> Customs officers may receive uncertified checks, United States notes, and circulating notes of national banking associations in payment of duties on imports, during such time and under such rules and regulations as the Secretary of the Treasury shall prescribe; but if a check so received is not paid the person by whom such check has been tendered shall remain liable for the payment of the duties and for all legal penalties and additions to the same extent as if such check had not been tendered.

19 U.S.C. § 1648 (1982); *see* 19 C.F.R. § 141.1(b) (1985).

Defendant's argument that Customs was required to reliquidate the entries when the checks were dishonored is also misplaced. Customs may reliquidate entries "to correct errors in appraisement, classification, or any other element entering into the liquidation or reliquidation * * *." 19 C.F.R. § 173.3 (1985). This procedure, like liquidation, involves the computation of duties, and has nothing to do with the obligation of an importer or surety to pay the amount determined to be owed. Defendant, therefore, is not entitled to a judgment dismissing the action as a matter of law. The Court reserves decision on defendant's alternative motion for summary judgment with respect to its third party action.

Turning to the government's cross-motion for summary judgment, there is no dispute that defendant is surety on the bonds covering the entries and neither the importer nor defendant have paid duties on the entries. Under the terms of its bonds, defendant is jointly and severally liable for these duties. Plaintiff is therefore entitled to judgment as a matter of law.

Defendant's motion for summary judgment dismissing this action is denied. Plaintiff's cross-motion for summary judgment is granted. Judgment will be entered accordingly. So ORDERED.